UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
JOHN ANTHONY DOYLE,          )
                             )
         Plaintiff,          )
                             )
v.                           )        CV420-196
                             )
AMANDA KELLY, et al.,        )
                             )
         Defendants.         )
```

## ORDER

The Court directed *pro se* plaintiff John Anthony Doyle to show cause why his case should not be dismissed because his allegation of poverty, in support of his request to proceed *in forma pauperis* ("IFP"), was untrue. *See* doc. 10. The deadline for him to respond has passed without any response. *See generally* docket. Since his allegation of poverty was untrue, his case is **DISMISSED** 28 U.S.C. § 1915(e)(2)(A). The Court's show-cause Order was also returned by the United States Postal Service as undeliverable. *See* doc. 11. It appears, therefore, that Doyle has not complied with his obligation to keep the Court appraised of his current address. *See* S.D.Ga. L. Civ. R. 11.1 His failure to obey the

Court's Order and to prosecute this case provide independently sufficient justification to dismiss his case. *See* Fed. R. Civ. P. 41(b).

As the Court's prior Order noted, Doyle's initial application to proceed *in forma pauperis* disclosed a balance of $30.00 in his prisoner trust account. *See* doc. 10 at 1; *see also* doc. 2 at 2. Subsequent financial disclosures indicated that Doyle's trust account had an average monthly balance of $396.34 and average monthly deposits of $62.57. *See* doc. 10 at 2; *see also* doc. 7. An accounting of his prisoner trust account indicated that Doyle had more than $1,000.00 available during the period immediately prior to his filing the Complaint. Doc. 10 at 2; *see also* doc. 7 at 3. Dismissal is mandatory if the Court determines that a plaintiff, who was permitted to proceed IFP, is not indigent. *See, e.g., Pinkston v. Univ. of S. Fla. Bd. of Tr.*, 2016 WL 1238713, at *2 n. 4 (M.D. Fla. Feb. 25, 2016); *Flowers v. Life University*, 2006 WL 562192, at *1 (N.D. Ga. Mar. 7, 2006) (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305 (7th Cir. 2002)). Since Doyle has not provided any explanation or jusitification for the apparent inaccuracy of his initial allegation of

poverty, the Court finds that it was untrue. His case is, therefore, **DISMISSED**.

Doyle's failure to respond to the Court's show-cause Order and his failure to comply with the Local Rules' reuquirement to keep his address current provide independently sufficient grounds to dismiss this case. A district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). Doyle's apparent disregard of his various obligations warrants dismissal.

Accordingly, Doyle's Complaint is **DISMISSED** because his allegation of poverty was untrue and he failed to obey a court order and failed to prosecute his case. Doc. 1. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED,** this 31st day of January, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA